BENJAMIN CLAPP *v.* ROSWELL GRAVES.
HENRY B. CLAPP *v.* THE SAME.

A judgment of affirmance having been given upon an appeal, the appellant made application at the next term after judgment was entered, for an order granting leave to appeal to the Court of Appeals. Both parties were heard on the application, but the court did not announce its decision granting the motion, until the term had passed. *Held*, that the order allowing the appeal was properly directed to be entered, as of the term when the application was made.

It is a general rule, that when an act, in which the concurrence of the court is necessary, should be done within a specified time, and the party has done all he is required to do, he is not to suffer from the court's delay.

If, in such a case, the court renders its decision after the time has passed, it may be entered as of the time when by law it ought to have been given.

APPEAL from an order made at special term. The actions were commenced in the Marine Court. The plaintiffs had judgment in both, and the defendant appealed to this court, where the judgments were affirmed. The defendant then applied, under section 11 of the Code, for leave to appeal to the Court of Appeals. The application was made and argued at the September term, 1858, that being the next term after that at which the judg-

ments of affirmance were rendered; but the application was held under advisement by the court for some time, so that their decision granting the motion (which is reported, *ante* 243,) was not announced until the December term.

The court allowed the order granting the appeal to be entered as of September term, so as to bring the case within the requirement of the statute, that the leave must be granted before the end of the term next after that at which the judgment was rendered.

The plaintiff subsequently moved at special term to vacate the order or modify it, to correspond with the date at which it was actually made. The special term denied the motion, and the plaintiffs appealed from the decision and the order made thereon.

*Harrington & Grieff,* for the plaintiffs.

*John Winslow,* for the defendants.

By the Court, DALY, First Judge.—To authorize an appeal to the Court of Appeals, it is necessary by the statute that the general term should, by order duly entered, allow such appeal before the end of the next term after which judgment is entered. The appellant applied for such an order at the next term, both parties were heard, but the court did not announce its decision until the term was passed; but they directed the order allowing the appeal to be entered up as of the term when the application was made, that being the next term after judgment.

It is a general rule, that when an act is to be done within a certain time, in which the concurrence of the court is necessary, and a party has done all that he is required to do to obtain the decision of the court, that he is not to suffer through the court's delay; and if the court give their decision after the term is passed, it may be entered up as of the time when by law it ought to have been given. "It is by no means universal," says Lord Kenyon, in *Pearson* v. *Rowling,* (1 East. 405), to make entries of judicial acts *nunc pro tunc,* and the reason is given in *Crispe* v. *The Mayor*

NEW YORK—APRIL, 1859. 319

*of Berwick,* (Vent. 90), "there being no default in the party, but a delay which came by the act of the court." So in *Craven* v. *Hawley* (Barnes, 255,) it is said, *per curiam,* " the party must not suffer by the court's taking time to consider." In *Lure* v. *Rich,* (10 Mod. 30), a writ of inquiry was executed, and before entry of judgment, which was delayed by the act of the court, the plaintiff died, and it was held that the court having delayed the entry of judgment, it should be entered up as of the proper term ; and in *Lord Mohun's Case* (6 Mod. 59,) a rule for the reversal of an attainder was obtained upon the consent of the attorney, served in the reign of James II.; and long after, in the reign of Anne, the court directed the clerk to make the entry, which should have been made when the rule was obtained, declaring that they would supply the neglect or defect of their officers, that subjects should not suffer by it, and to the same general effect are numerous authorities. *Taylor* v. *Matthews,* 10 Mod. 325 ; *Torks* v. *Duke of Beaufort,* 1 Burr. 146 ; *Mayor of Norwich* v. *Berry,* 4 id. 2277 ; *Astley* v. *Reynolds,* 1 Str. 915 ; *Webb* v. *Spunel,* Barnes, 261 ; *Toulmin* v. *Anderson,* 1 Taunton, 385 ; *Mackay* v. *Rhinelander,* 1 Johns. C. 408 ; *Blewitt* v. *Tregoning,* 4 A. & C. 1002 ; 1 Leon, 187 ; Latch, 92 ; 1 Sid. 462 ; 1 Williams on Executors, 763 ; Tidd's Practice, 932, 9th Lond. ed.

The motion below, therefore, was without foundation, the order allowing the appeal having been correctly entered by the order of the court as of the September term.

Order appealed from affirmed.